JUSTICE GRAY,
dissenting.
¶36 While I do not disagree with the Court’s analysis of the substantive legal issue presented in this application for a writ of supervisory control, I would not reach that issue because this case does not meet the test pursuant to which we exercise supervisory control. In my view, we must maintain that test — and apply it consistently — lest we become so overwhelmed by original proceedings such as this that we are unable to address cases on appeal in any relatively expeditious way. Accordingly, I respectfully dissent from the Court’s exercise of supervisory control in this case.
¶37 The Court states that supervisory control is appropriate when a district court is proceeding under a mistake of law and in so doing is causing a gross injustice for which an appeal is not an adequate remedy. It goes on to observe that, even under that test, supervisory control is an extraordinary remedy exercised only in extraordinary circumstances. I could not agree more. Having properly stated the applicable principles, however, the Court fails to apply them.
¶38 In the first instance, it is clear from the Court’s analysis of the substantive legal issue that the District Court was not “proceeding under a mistake of law.” Since the test for supervisory control is *134 stated in the conjunctive by use of the word “and” — that is, both prongs of the test must be met — this should end our inquiry about whether to accept this case and exercise our supervisory control jurisdiction.
¶39 Even ignoring the conjunctive nature of the test, however, no gross injustice is being caused by the District Court’s order on summary judgment. As the Court states, Safeco’s argument in this regard is that — if the District Court is incorrect as a matter of law — delay in awaiting the outcome of the corollary litigation could create unfair prejudice against Safeco. This is a far cry from the requirement of the second prong of the test, which is “causing gross injustice for which an appeal is not an adequate remedy.”
¶40 Nor is the Court correct in suggesting that there would be further delays in the payment of Hill’s medical costs — in the event the District Court was correct as a matter of law — which “would certainly prejudice Hill.” In granting Hill’s motion for summary judgment, the trial court ordered that Safeco “shall pay ... Hill’s medical expenses for treatment rendered from the date of the accident through November 1, 1999.” Under that order, it is clear that Safeco must pay those expenses at this time, not at some time in the future. Thus, there can be no further delays in those payments and no prejudice to Hill.
¶41 Finally, I do not follow the Court’s logic or analysis in ¶¶ 16 and 17. There, the Court states that the order granting summary judgment was not, technically speaking, interlocutory and Safeco could have taken a direct appeal from that order. It cites to no authority for this proposition and I am aware of none. Moreover, if the order was appealable, it should have been appealed rather than raised via this original proceeding.
¶42 It is clear that both parties to the underlying case want this Court to resolve the substantive legal issue at this time. That fact, however, has no bearing on whether our test for exercising supervisory control is met. It also is clear that the Court is interested in addressing the substantive legal issue at this time. That, too, should have no bearing on whether our test for exercising supervisory control is met. Here, there is no error of law which is causing a gross injustice for which an appeal is not an adequate remedy. Nor is this a case involving extraordinary circumstances calling for the extraordinary remedy of supervisory control.
¶43 By its action here, it is my view that the Court has unnecessarily blurred the lines between appeals and applications for supervi *135 sory control and has obliterated any test for exercising supervisory control. In essence, it has decided that, while continuing to state the requirements to be met before supervisory control will be exercised, it will accept any application for supervisory control involving an issue it wants to address immediately. Parties litigant in ordinary appeals will feel the impacts of the Court’s decision today, as we invite unlimited applications for supervisory control which consume more and more of our time. Trial courts will feel the impacts doubly: 1) as more and more of their cases, long scheduled and moving toward trial, are disrupted by applications for supervisory control; and 2) by having rulings which may have become moot by further proceedings raised and resolved in this Court on supervisory control.
¶44 I cannot join in this course of action. I dissent from the Court’s decision to exercise supervisory control in this case.